It is true that for debts due to receivers of a railroad company debts due by the company cannot be used as a counterclaim. To permit that would much embarrass and in many cases defeat the very object of the receivership, which is to keep the railroad in operation as "a going concern," when otherwise it (1080) would be strangled and its operations brought to an end by the pressure of corporation debts. But against debts due to receivers, debts *Page 682 
contracted by such receivers are a valid counterclaim and set-off. The receivers of the Richmond and Danville Railroad Company operated the line of the defendant corporation for nearly eighteen months after their appointment, and paid the first rental that accrued. The Richmond and Danville receivers, so far as they operated the defendant's property and actually collected and received the income and revenue therefrom, were bound to apply said income and revenue in accordance with the covenants of the lease made by the defendant corporation to the Charleston, Columbia and Augusta Railroad, and which covenants were assumed by the Richmond and Danville Railroad when it leased the Charleston, Columbia and Augusta Railway system. This very point has been thus decided between the same parties by Simonton, J., in the United States Circuit Court (63 F. 21). To the same purport is Gluck and Boek Receivers, 272, where it is said: "Receivers taking charge of a leased road will be equitably and legally chargeable with the payment of rent under a lease for such time as they continue to occupy the property demised." The Richmond and Danville receivers cannot recover for the supplies and material furnished the defendant or its receivers without accounting for the earnings from the Chester and Lenoir road which came into their hands, and showing that the earnings had been applied in accordance with the terms of the lease.
The judgment below is set aside and the cause remanded, that the account may be restated, in which case the Richmond and Danville receivers must show that they have applied the earnings from the Chester and Lenoir road, while operated by them, in accordance with the covenants of the lease (marked "Exhibit B"), and that (1081) their claim, or part of it, is still unpaid, after such application of the earnings; and in the account the receivers must also show that they surrendered the Chester and Lenoir road in as good a condition as they (the receivers) received it, with the same amount of supplies and material on hand, or be chargeable with the deficiency as an offset to their claim against the defendant, unless, of course, the amount of supplies turned over and the condition of the road, if there has been any deterioration in their hands, still equal the quantity of supplies and the condition of the road when the contract of lease was executed by the Richmond and Danville Company. The cause is remanded, that an account may be restated in accordance with this opinion.
Error. *Page 683